# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GEORGE CREAR,

               Petitioner,

-vs-

SHIRLEE A. HARRY,

               Respondent.

_____/

CASE NO. 05-CV-74191

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER
(1) GRANTING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING;
AND (2) GRANTING IN PART AND DENYING IN PART PETITIONER'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner George Crear ("Petitioner") has filed an application for a writ of habeas

corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions

for three counts of criminal sexual conduct in the first degree and two counts of criminal

sexual conduct in the second degree. Petitioner is serving a life sentence for one of the five

convictions.

Currently pending before the Court are Petitioner's motion for an evidentiary hearing

and his second motion for appointment of counsel. Petitioner seeks an evidentiary hearing on

the issue of his trial and appellate attorneys' alleged ineffectiveness. His other motion seeks:

(1) to appoint counsel for the evidentiary hearing; and (2) to appoint counsel *nunc pro tunc* to

the filing date of his habeas petition.

For the following reasons, the Court GRANTS Petitioner's Motion for an Evidentiary

Hearing, GRANTS Petitioner's Motion for Appointment of Counsel for the Evidentiary

Hearing, and DENIES Petitioner's Motion for Appointment of Counsel *Nunc Pro Tunc* to the filing date of the habeas petition.

## I.      BACKGROUND

Petitioner raised three of his four habeas claims in an appeal of right.  The Michigan Court of Appeals affirmed his convictions and sentence in a published opinion. *See People v. Crear*, 242 Mich. App. 158 (2000). The Michigan Supreme Court denied leave to appeal. *See People v. Crear*, 463 Mich. 1010 (2001).  Petitioner subsequently filed a motion for relief from judgment in which he raised his first habeas claim, which alleges ineffective assistance of trial and appellate counsel.  The trial court denied the motion, and the State's appellate courts denied leave to appeal.  All three courts cited Michigan Court Rule 6.508(D) in their orders.

Petitioner then filed his habeas corpus petition.  The supporting brief alleges that (1) Petitioner's trial and appellate attorneys rendered ineffective assistance; (2) the delay in bringing criminal charges against Petitioner deprived him of due process; (3) application of the Michigan statute of limitations for sex offenses deprived Petitioner of his constitutional right to travel; and (4) a key witness's refusal to sign a release for counseling records denied Petitioner his constitutional right to confront the witnesses against him.

## II.      ANALYSIS

Petitioner has no absolute right to appointment of counsel on habeas corpus review, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), or to an evidentiary hearing, *see Blackledge v. Allison*, 431 U.S. 63, 80 (1977).  "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release,

relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

Petitioner's claim about his trial attorney appears to be procedurally defaulted, because Petitioner failed to raise the claim on direct appeal and all three state courts relied on Michigan Court Rule 6.508(D) to deny relief.[1] This Court may review procedurally defaulted claims only if the habeas petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner alleges that his appellate attorney was "cause" for the failure to raise his claim about trial counsel in the appeal of right. Thus, it is incumbent on the Court to determine whether trial and appellate counsel were constitutionally ineffective. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel . . . . is cause for a procedural default.") If trial counsel performed adequately, the Court's "inquiry is at an end; by definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

Respondent argues that Petitioner is not entitled to an evidentiary hearing because he

---

[1] Rule 6.508(D)(3) generally bars relief from judgment if the defendant alleges non-jurisdictional grounds that could have been raised on appeal from the conviction or sentence. A state court's reliance on Rule 6.508(D)(3) to deny relief is a sufficient explanation for federal district courts to conclude that the order was based on a procedural bar. *Abela v. Martin*, 380 F.3d 915, 921-24 (6th Cir. 2004); *Burroughs v. Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002).

failed to develop the facts in state court. However, Petitioner sought an evidentiary hearing in state court, and his request was denied. Thus, Petitioner is not precluded by lack of diligence or some other fault on his or his attorney's part from having a federal evidentiary hearing. 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 437 (2000); *Greer,* 264 F.3d at 681. The Court hereby GRANTS Petitioner's Motion for an Evidentiary Hearing.

A separate order will issue scheduling a date for the evidentiary hearing.

On August 31, 2007, Petitioner filed a Second Motion for Appointment of Counsel *nunc pro tunc*. In addition to having an attorney appointed for him at the evidentiary hearing, Petitioner further seeks that the Court appoint him counsel *nunc pro tunc* to the filing date of his habeas petition. (Pet. Br. 4).

Initially, it is clear that Petitioner is entitled to appointment of counsel for the purposes of his evidentiary hearing. Section 8(c) of Rules Governing § 2254 Cases states:

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

However, whether the Court grants Petitioner's request to appoint counsel *nunc pro tunc* to the filing of his habeas petition under § 2254 is another matter. Under § 2254(h), a court has discretion to appoint counsel for a habeas petitioner:

> Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

Section 3006A(a)(2)(B) of Title 18 United States Code specifies that the court can appoint counsel to a § 2254 habeas petitioner in the "interests of justice."[2] As noted above, a petitioner does not have a right to counsel for habeas review. *Finley*, 481 U.S. at 555. "[A]ppointment of counsel in a civil case is . . . . a matter within the discretion of the court. It is a privilege and not a right." *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir.1987).

Petitioner is indigent and incarcerated. (Pet. Br. Ex. 1, Affidavit of Indigency; Pet. Br. Ex. 2, Statement of Prison Account). Petitioner's sister retained Mr. John Minock in connection with Petitioner's post-conviction proceedings. (Pet. Br. 2). However, Petitioner's sister is no longer able to afford to retain Mr. Minock, and currently owes him $9,932.12 for the proceedings in state court. (*Id*.). Petitioner requests that the Court appoint Mr. Minock as his counsel *nunc pro tunc* to the November 5, 2005 filing date of the petition for habeas corpus.

Upon careful review of the record, the Court is not convinced that it is in the interests of justice to appoint Mr. Minock as counsel retroactively to November 5, 2005.

## III.    CONCLUSION

For the foregoing reasons, the Court:

(1)     **GRANTS** Petitioner's Motion for an Evidentiary Hearing (Doc. No. 55);

(2)     **GRANTS** Petitioner's Motion for Appointment of Counsel for the Evidentiary Hearing (Doc. No. 58); and

---

[2] Although it does not appear that the Sixth Circuit has precisely defined the standards by which a district court evaluates whether it is in the "interests of justice" to appoint counsel for a habeas petitioner, other circuits have generally taken into account the difficulty of the case, petitioner's ability, whether petitioner could not obtain justice without a lawyer, and whether petitioner would have a reasonable chance of success if represented by counsel. *See, e.g., Taylor v. Knight*, 223 Fed. Appx. 503, 504 (7th Cir. May 3, 2007) (unpublished).

(3)     **DENIES** Petitioner's Motion to Appoint Counsel *Nunc Pro Tunc* to the filing date of the habeas petition (Doc. No. 58).

**SO ORDERED.**


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 27, 2007

CERTIFICATE OF SERVICE


Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 27, 2007.


s/Denise Goodine_____
Case Manager