UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CREAR,

        Petitioner,               Case Number: 05-74191

v.                                            JUDGE PAUL D. BORMAN
                                              UNITED STATES DISTRICT COURT

SHIRLEE A. HARRY,

        Respondent.
_____ /

**ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 19, 2008 REPORT AND RECOMMENDATION; AND (2) DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS**

        Before the Court are Petitioner George Crear's ("Petitioner") objections to Magistrate Judge Virginia M. Morgan's November 19, 2008, Report and Recommendation ("R&R"). Respondent Warden Shirlee A. Harry did not respond to Petitioner's objections. For the reasons discussed below, the Court adopts the Magistrate Judge's November 19, 2008, Report and Recommendation and denies Petitioner habeas relief.

**I. BACKGROUND**

        Petitioner filed a habeas corpus petition with this Court on November 11, 2005. (Doc. No. 1). After Respondent filed a response to the habeas petition, Petitioner moved for an evidentiary hearing and for the appointment of counsel. (Doc. No. 55). This Court granted Petitioner's motion for an evidentiary hearing and appointed counsel. (Doc. No. 59). Thereafter, this Court referred this matter to Magistrate Judge Morgan to conduct the evidentiary hearing. (Doc. No. 67). Magistrate Judge Morgan held the evidentiary hearing over two days and, after supplemental briefs were

submitted, issued her Report and Recommendation on November 19, 2008. (Doc. No. 84). Magistrate Judge Morgan recommended that this Court deny Petitioner habeas relief because Petitioner did not prove that his trial counsel was constitutionally deficient and Petitioner's constitutional rights were not violated when he was charged twelve years after he committed the crimes. (R&R 15, 19, 21).

Petitioner then filed timely objections to the R&R. (Doc. No. 86). Petitioner objects to the Magistrate Judge's conclusion that he was not denied effective assistance of counsel. (Objs. 3). Petitioner also challenges the Magistrate Judge's conclusion that lengthy delay, without a showing of intentional delay by the government is not a due process violation, and that he was not denied his constitutional right to travel. (Objs. 9, 14).

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp.2d 942, 944 (E.D. Mich. 2001).

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner objects to the Magistrate Judge's conclusion that trial counsel was not constitutionally deficient. Petitioner argues, "[t]he flaw in the Report on this issue is that it uncritically accepts Taft's [trial counsel] explanations for what she did, fails to adequately consider that the prospects for acquittal would have been much better had the case been tried effectively, and undervalues the potential effect of the unused impeachment and contradiction of the complainant." (Objs. 4).

2

The Court finds no fault with the Magistrate Judge's analysis of Petitioner's ineffective assistance claim. The Magistrate Judge carefully and thoroughly evaluated trial counsel's testimony regarding trial counsel's experience, case preparation, and trial strategy. (R&R 11-15). Neither the record, nor trial counsel's testimony, contradicts the Magistrate Judge's conclusion that "petitioner's counsel conducted a vigorous and zealous defense."

Accordingly, this Court adopts the Magistrate Judge's recommendation, and denies Petitioner habeas relief on this issue.

### B.  Speedy Trial/Due Process

Petitioner also challenges the Magistrate Judge's conclusion that he must show that the government intentionally delayed charging him in order to prevail on his due process claim. (Objs. 9). Petitioner maintains that the United States Supreme Court has never held that deliberate delay is an element of a successful pre-accusation due process claim. (*Id.*)

Magistrate Judge Morgan noted that the United States Supreme Court has not explicitly held that a claimant must show intentional delay to prevail on a pre-accusation due process claim. (R&R 18). The Magistrate Judge then went on to apply Sixth Circuit precedent requiring the claimant to show intentional or deliberate delay, and concluded that Petitioner had not shown deliberate delay. (R&R 19). This Court holds that Magistrate Judge Morgan properly applied the law of this circuit.

In *United States v. Marion*, 404 U.S. 307, 324 (1971), the United States Supreme Court explained that due-process protections "would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." Six years later, in *United States v. Lavasco*, the Court commented on *Marion* as follows: "Thus

*Marion* makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *United States v. Lovasco*, 431 U.S. 783, 790 (1977). The United States Court of Appeals for the Sixth Circuit has interpreted *Marion* and *Lavasco* to require both elements, prejudice and deliberate delay, to prevail on a pre-accusation due process claim. *United States v. Brown*, 498 F.3d 523, 528 (6th Cir. 2007).

Because Sixth Circuit precedent is clear on this issue, and the Magistrate Judge properly applied the law of this circuit, Petitioner's objection is meritless. Unless or until the Supreme Court decides to address this issue again, this Court must follow and apply the law of the Sixth Circuit, which construes *Marion* and *Lavasco* as requiring a showing of intentional delay.  Thus, this Court adopts the Magistrate Judge's recommendation on this issue, and denies Petitioner habeas relief on this ground.

### C. Right to Travel

Lastly, Petitioner objects to the Magistrate Judge's conclusion that the tolling provision did not impermissibly infringe on his constitutional right to travel. (Objs. 14).  Petitioner argues that "the application of the tolling provision to suspend running of the statutory period whenever a defendant resides outside of Michigan violates the constitutionally protected rights to travel and to the equal protection of the laws."  (*Id.*)

In accordance with United States Supreme Court precedent, specifically *Jones v. Helms*, 452 U.S. 412, 420-22 (1981), the Magistrate Judge rejected Petitioner's argument that the tolling provision infringed on his constitutional right to travel. (R&R 20). Magistrate Judge Morgan noted that Petitioner's travel in and out of Michigan was never restricted, and his claim was unsupported

4

by the case law. (*Id.*) This Court agrees.

Petitioner has failed to put forth any case law or statute contradicting the Magistrate Judge's conclusion. Simply put, there is no support for Petitioner's assertion of a constitutional right to travel that bars prosecution. Therefore, this Court adopts the Magistrate Judge's recommendation and denies Petitioner habeas relief on this ground.

## IV. CONCLUSION

For the reasons discussed above, this Court:

(1) **ADOPTS** the Magistrate Judge's Report and Recommendation;

(2) **DENIES** Petitioner's application for a writ of habeas corpus.

SO ORDERED.

> S/Paul D. Borman
> PAUL D. BORMAN
> UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 30, 2009.

> S/Denise Goodine
> Case Manager